# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISHAC ESHOO LAZAR, | Case No. 1:21-cv-00972-SAB |
| Plaintiff, | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 19, 20) |
| Defendant. | |

## I.

### INTRODUCTION AND BACKGROUND

On June 17, 2021, Plaintiff Ishac Eshoo Lazar filed this action challenging the denial of social security benefits.  (ECF No. 1.)  On September 30, 2022, the Court granted Plaintiff's motion for summary judgment, this action was closed and remanded for further consideration, and judgment was entered in favor of Plaintiff.  (ECF Nos. 15, 16.)  On November 10, 2022, the Court entered a stipulation under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in the amount of $4,360.00 for attorney fees, and $402.00 in costs pursuant to 28 U.S.C. § 1920.  (ECF No. 18.)

Following remand, a favorable decision was issued awarding approximately $130,876.92 in total past due benefits from Title II benefits.  (Mot. Att'y Fees ("Mot.") 5, ECF No. 19.) Lawrence D. Rohlfing of Lawrence D. Rohlfing, Inc., CPC ("Counsel"), representing Plaintiff,

1    filed the instant motion for attorney fees on November 6, 2023.  Counsel requests fees in the

2    amount of $25,000.00 pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b),

3    with an offset of $4,360.00 for fees previously awarded under the EAJA.

4         Plaintiff was served with the motion and a notice of the procedure for counsel to assist

5    with the filing of any objections.  (Mot. 2, 19.)  Plaintiff did not file any objection to the motion.

6    On November 13, 2023, Defendant filed a response to the motion indicating that in the role of

7    trustee, it neither supports nor opposes the request for attorney fees.  (ECF No. 20 at 1.)  For the

8    reasons discussed herein, Counsel's motion for attorney fees shall be granted.

9                                        **II.**

10                                **LEGAL STANDARD**

11        In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a

12   judgment favorable to a claimant . . . who was represented before the court by an attorney," the

13   court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

14   benefits to which the claimant is entitled by reason of such judgment."  The payment of such

15   award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

16        The Supreme Court has explained that a district court reviews a petition for section

17   406(b) fees "as an independent check" to assure that the contingency fee agreements between the

18   claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.

19   Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful

20   attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

21   it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting

22   Gisbrecht, 535 U.S. at 793).  The twenty-five percent maximum fee is not an automatic

23   entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535

24   U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory

25   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

26   agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits

27   awarded are not enforceable.  Gisbrecht, 535 U.S. at 807.  The attorney has the burden of

28   demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 807 n.17; Crawford,

1 | 586 F.3d at 1148.

2 |      While the Supreme Court in <u>Gisbrecht</u> did not expressly "provide a definitive list of
3 | factors that should be considered in determining whether a fee is reasonable or how those factors
4 | should be weighed, the Court directed the lower courts to consider the 'character of the
5 | representation and the results the representative achieved.' " <u>Crawford</u>, 586 F.3d at 1151
6 | (quoting <u>Gisbrecht</u>, 535 U.S. at 808).  The Ninth Circuit has stated a court may weigh the
7 | following factors under <u>Gisbrecht</u> in determining whether the fee was reasonable: (1) the
8 | standard of performance of the attorney in representing the claimant; (2) whether the attorney
9 | exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
10 | past-due benefits; and (3) whether the requested fees are excessively large in relation to the
11 | benefits achieved when taking into consideration the risk assumed in these cases.  <u>Crawford</u>, 586
12 | F.3d at 1151-52.

13 |      Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted
14 | under the EAJA.  <u>Gisbrecht</u>, 535 U.S. at 796; <u>Parrish v. Comm'r of Soc. Sec. Admin.</u>, 698 F.3d
15 | 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who
16 | receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for
17 | the 'same work' to refund to the Social Security claimant the smaller award.").

18 | **III.**

19 | **DISCUSSION**

20 |      The Court has conducts an independent check to insure the reasonableness of the
21 | requested fees in relation to this action.  <u>Gisbrecht</u>, 535 U.S. at 807.

22 |      Here, the fee agreement between Plaintiff and Counsel provides that "If this matter
23 | requires judicial review of any adverse decision of the Social Security Administration, the fee for
24 | successful prosecution of this matter is **25% of the past due benefits awarded upon reversal**
25 | **of any unfavorable ALJ decision for work before the Social Security Administration**."
26 | (ECF No. 19-1 at 1.")

27 |      Counsel proffers Plaintiff has been awarded retroactive benefits in the amount of
28 | $130,876.92.  (Mot. 7.)  The Court notes that the total amount of $130,876.92 is not clearly set

1    out in the notice letters, however, the amounts withheld for attorney fees ($23,532.48 and

2    $9,186.75), reflect 25% of $130,876.92.  (See ECF No. 19-3.)  Defendant's filing in the role of

3    trustee, states it neither supports nor opposes the request for attorney fees.  (ECF No. 20 at 1.)

4    Counsel here is seeking $25,000.00, or approximately nineteen percent (19.1%) of the total past

5    due benefits.

6          Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of

7    the fee Counsel seeks.  There is no indication that a reduction of fees is warranted for

8    substandard performance.  Counsel is an experienced, competent attorney who secured a

9    successful result for Plaintiff.  There is no indication that Counsel was responsible for any delay

10   in the court proceedings.  Counsel was successful in obtaining a stipulation for remand following

11   the exchange of letter briefs.

12         Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, and

13   in reflecting the standard withholding by the Agency, the Court finds the fee of $25,000.00 is not

14   excessively large in relation to the retroactive award of $130,876.92, particularly given Counsel

15   is only seeking approximately nineteen percent (19.1%).  In making this determination, the Court

16   recognizes the contingent nature of this case and the risk that counsel took of going

17   uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

18         In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time

19   of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,

20   concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request should not

21   be routinely done and find fee awards of an effective hourly rate much higher than this to be

22   reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.

23   Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per

24   hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21,

25   2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin,

26   No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought

27   translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No.

28   CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the

1  more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406
2  fee award.").

3       Counsel expended 20.9 hours in this matter, which counsel proffers is approximately
4  $1,250.00 per hour in relation to the $25,000.00 award.  (Mot. 5.)  The Court notes that this
5  calculation appears incorrect.  Rather, it appears Counsel is requesting approximately $1,196.17
6  per hour ($25,000 ÷ 20.9), a lesser hourly rate.  In either regard, the Court finds the rate is in line
7  with the above cases.  Therefore, given the above caselaw and contingency nature of this action,
8  the lack of any objection, and given counsel is seeking less than 25%, the Court finds that the
9  requested fees are reasonable, and the representation of the claimant resulted in the action being
10  remanded for further proceedings and ultimately, substantial benefits were awarded.

11       The award of Section 406(b) fees is offset by any prior award of attorney fees granted
12  under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has
13  previously been awarded $4,360.00 in EAJA fees and the award of fees under Section 406(b)
14  shall be offset in that amount.

15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## IV.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $25,000.00, (ECF No. 19), is GRANTED;

2. The Court authorizes payment to Law Offices of Lawrence D. Rohlfing, Inc., CPC, in the amount of $25,000.00, representing attorney fees being withheld from Plaintiff's past due disability benefits; and

3. Upon receipt of this sum, Counsel shall remit $4,360.00 directly to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated:   __November 27, 2023__

_____
UNITED STATES MAGISTRATE JUDGE